| | |
|---|---|
| State of Minnesota<br>Waseca | District Court<br>Third District<br>Case No. _____<br>Civil Action<br>Jury Trial Requested |

Lisa A. Biron,
    Plaintiff

v.                                   COMPLAINT

Michael Carvajal, Director Federal
Bureau of Prisons; FCI Waseca Warden
Mistelle Starr; Deanna Hiller, FCI
Waseca Unit Manager

## I. Plaintiff

1. Plaintiff, Lisa A. Biron, brings the within claims to redress the deprivation, under the color of federal law, of rights secured by the United States Constitution. She seeks declaratory and injunctive relief, and damages.

2. Plaintiff is a federal inmate currently confined in the federal Bureau of Prisons ("FBOP"), and presently housed at Federal Correctional Institution ("FCI") Waseca, Minnesota.

## II. Defendants

3. Defendant Michael Carvajal is the Director of the FBOP. He is legally responsible for protecting the constitutional rights of all of its inmates.

4. Mistelle Starr is the Warden of FCI Waseca, MN. She is legally responsible for the operations of FCI Waseca, and for protecting the constitutional rights of all inmates housed there.

5. Deanna Hiller is the Unit Manager of Plaintiff's unit and is responsible for approving access to the law library.

6. Defendants Carvajal and Starr are sued in their official capacity.

7. Defendant Hiller is sued in her individual and official capacities.

1

GOVERNMENT EXHIBIT B

8. Plaintiff is currently serving a federal sentence having been sentenced in the United States District Court for the District of New Hampshire and sentenced on May 23, 2013.

9. Plaintiff has several active appellate cases concerning her criminal conviction pending at the First Circuit Court of Appeals.

10. Plaintiff has a civil action against various FBOP officials at FMC Carswell, Texas pending in the Fifth Circuit Court of Appeals.

11. Plaintiff has a civil action pending against various Waseca FBOP officials active in the United States District Court for the District of Minnesota.

12. Since the COVID-19 pandemic the FBOP and specifically FCI Waseca have imposed severe restrictions on inmate movement and access to a legal library and typewriter.

13. Plaintiff has sought approval for time in the law library and at a typewriter to litigate the several cases in which she is involved.

14. Plaintiff sought permission from Defendant Hiller in May 2020 for time in the law library and with a typewriter to draft an essential filing in case no. 19-cv-2938, specifically an amended complaint. Defendant Hiller, who is a defendant in case no. 19-cv-2938, denied said access.

15. Because plaintiff did not have access to a law library or typewriter, she failed to follow local and federal court rules, and her motion for leave to amend her complaint was denied. The court found she did not follow the court rules, and relied, in large part, on this to deny her motion.

16. Hiller's actions in denying law library access and access to a typewriter severely prejudiced the Plaintiff in that civil action.

17. When the Defendants in case no. 19-cv-2938 objected to her motion to amend, they used her inability to follow court rules (which they kept her from access-

ing), as grounds for their objection.

18. When the Plaintiff received the magistrate judge's order and report and recommendation, she again requested time in the law library to file her objections within 14 days to this 30-page order.

19. Defendant Hiller, with Warden Starr's approval, again denied Plaintiff's access to the law library and typewriter for sufficient time to research and type her objections.

20. Plaintiff specifically noted that she would need 8-10 hours of research time, 8-10 hours of drafting time (by hand which she could do on her unit), and 2-3 hours at a typewriter to type the final draft.

21. Defendant Hiller, with Defendant Starr's approval, denied this access.

22. Plaintiff has sought an extension of 30 days from the District of Minnesota which the court may or may not grant.

22. Defendants have told Plaintiff that she has to use her one (1) hour (actually 50 minutes) of recreation/exercise time out of her unit to do all of her legal work on all of her cases. Plaintiff used the time today of 50 minutes to rush to draft this complaint in hopes of gaining relief from the court.

23. Defendants are required under the Constitution to provide inmates, including Plaintiff, with meaningful and adequate access to a law library and typewriter.

24. Defendants have violated Plaintiff's Constitutional right of access to the Courts by failing to provide an accessible law library and typewriter during this COVID-19 lock down.

III. Remedies

25. Plaintiff seeks damages for these constitutional violations.

3

26. Plaintiff has no adequate or complete remedy at law to redress these unconstitutional actions, and therefore seeks declaratory and injunctive relief forcing defendants to provide adequate and meaningful access to a law library and typewriter or word processing to draft and file legal filings.

27. Plaintiff requests a jury trial.

28. Plaintiff requests her costs and fees in this suit; and

29. Any additional relief that this court deems just and equitable.

Respectfully

*Lisa Biron*
Lisa Biron
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

9/3/20
Date

## Verification

I hereby swear, under penalty of perjury, that the matters and facts alleged hereing are true and correct.

*Lisa Biron*
Lisa Biron

9/3/20
Date