# JUDGE WILHELMINA M. WRIGHT
# PRACTICE POINTERS AND PREFERENCES

Last Updated <u>January 2019</u>

Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in these Practice Pointers and Preferences.

### *Contact with Chambers*

- Please direct questions to Judge Wright's courtroom deputy, Mona Eckroad, rather than her law clerks. Chambers may be contacted by calling 651-848-1640 or emailing Wright_chambers@mnd.uscourts.gov.

- Ex parte communication on substantive matters is prohibited. Substantive matters must be addressed either in a formal motion or a letter of no more than two pages filed on ECF. Questions via telephone or email should be limited to scheduling and Judge Wright's preferences and procedures.

### *Motion Scheduling*

- Contact the courtroom deputy to schedule oral argument on dispositive motions. After securing a hearing date, the moving party shall promptly notify all parties—informally by telephone or e-mail—of the nature of the motion and the date, time, and location of the hearing. Consistent with the Local Rules, the moving party shall not file its notice of hearing until it is prepared to file its motion paperwork.

- Judge Wright follows the Local Rules with respect to dispositive motion briefing deadlines *except* that any reply memorandum, or notice stating that the party will not reply, shall be filed and served within *seven days after* the filing of any response.

    o The parties may agree to a revised briefing schedule as long as any reply memorandum is filed at least *fourteen days before* the scheduled hearing. The parties need not notify the Court of such an agreement. Absent such an agreement, the briefing schedule outlined above shall be followed.

- Parties shall file dispositive motions before the deadline in the pretrial scheduling order. A party is in compliance with the pretrial scheduling order as long as that party has received a hearing date and has filed its motion papers before the dispositive motion deadline.

1

- A party moving for a Temporary Restraining Order (TRO) or otherwise seeking expedited handling shall submit its motion papers ***before*** the Court will schedule a hearing. After the motion papers are filed, the Court will issue an expedited briefing schedule after the motion papers are filed and determine whether a hearing is necessary. If the Court schedules a hearing, the moving party shall promptly file and serve a notice of hearing informing all parties of the date, time, and location of the hearing.

- Judge Wright will hear *Daubert* and *Markman* motions. Contact the courtroom deputy to schedule a *Daubert* motion after expert reports have been filed, but well before the deadline for motions in limine.

- Parties may not file a motion for summary judgment before the discovery deadline unless they have received permission from the Court.

    - Unless directed otherwise by the magistrate judge, permission to file a motion for summary judgment before the discovery deadline shall be sought by electronically filing a letter of no more than two pages that briefly sets forth: (1) the basis for the motion, (2) whether discovery relating to the issue(s) to be addressed by the motion is complete, and (3) why judicial efficiency would be served by allowing the motion to proceed before discovery has ended. Other parties may file a letter of no more than two pages responding to the request. No reply is permitted.

    - Denial of a request for permission to file an early summary judgment motion shall not be taken as an indication of the Court's view regarding the merits of the proposed motion.

### *Written Submissions*

- Parties shall not use procedural devices—such as filing an explanatory letter or multiple contemporaneous or near-contemporaneous dispositive motions—in order to obtain additional briefing space. *See* Local Rule 7.1(c)(4).

- Parties shall not file a brief exceeding the word-count limits set forth in the Local Rules without Court permission. Permission may be granted in rare circumstances. Such requests must be made well in advance of the briefing deadline by filing on ECF a letter that concisely sets forth the basis for the request.

- When citing an unpublished opinion in a memorandum, the citation should include the case number and, if available, the Westlaw or Lexis citation. Parties shall not omit either the case number or a readily available Westlaw or Lexis citation in order to obtain additional briefing space.

- The parties shall submit **one** courtesy copy of all memoranda of law, declarations, affidavits, and exhibits filed in connection with any motion or sentencing. Judge Wright prefers courtesy copies to contain the ECF header. Courtesy copies of other motion papers, such as the notice of hearing, certificates of service, and certificates of word-count compliance, are **not** required. All courtesy copies should be:

    o single-sided;
    o three-hole punched;
    o unstapled;
    o organized with labeled tabs; and
    o if voluminous, organized in a binder.

- In general, courtesy copies shall be received by the Court no later than *two* business days after the documents are filed on ECF.

    o However, courtesy copies of all TRO or other expedited motion papers and supporting documents should be received by the Court *on the same day* that they are electronically filed on ECF, if possible, and in any case no later than noon on the next business day. If filing occurs on a Friday or before a holiday, promptly contact chambers to arrange for delivery of courtesy copies.

- When submitting deposition transcripts, parties are encouraged to bookend all excerpts with at least three transcript pages before and after the excerpted portion in order to provide appropriate context.

### *In-Court Proceedings*

- Formal decorum in the courtroom is expected, including but not limited to the following guidelines:

    o Counsel shall stand at counsel table when making objections and at the podium when addressing the Court.
    o Counsel must conduct examinations from the podium and may approach the bench, a witness, or the jury only with permission from the Court.
    o Do not speak over anyone else.

- - o Address the Court, opposing counsel, witnesses, and court staff with civility and formality, using titles and last names.

- All briefs and written submissions are carefully considered by the Court before oral argument. Do not use oral argument to summarize the briefs. Counsel should be prepared to answer detailed questions about the case, including questions about the evidence in the record and controlling legal authority.

- Plaintiff's counsel should sit on the left side of the courtroom and Defendant's counsel should sit on the right side of the courtroom, as viewed from counsel's perspective when facing the bench.

- Typically, each side is permitted fifteen minutes for oral argument, and the moving party is permitted an additional five minutes for rebuttal. This time limit may vary depending on the case and type of motion. When there are multiple plaintiffs or defendants, those parties are expected to split their time and advise the courtroom deputy or law clerk of their time-splitting arrangement before the hearing begins.

  - o If counsel anticipates seeking a significant amount of additional time for oral argument, counsel should notify the courtroom deputy at the time the hearing is scheduled. Thereafter, counsel must promptly file on ECF a letter of no more than *one* page that concisely sets forth the amount of additional time requested and the reasons such additional time is necessary. If any extended argument time is afforded to one side, the Court will allow the opposing side a comparable extension.

- TROs, preliminary injunctions, and *Daubert* motions are handled without witness testimony absent advance permission from the Court.

- Counsel must contact Judge Wright's courtroom deputy ahead of time if they plan to use courtroom technology and must be proficient in using the technology. Training can be arranged by contacting the courtroom deputy.

- Counsel may use concise slideshows or other demonstrative exhibits at a motion hearing only if they would be helpful to the Court. At the hearing, counsel shall provide a courtesy copy of any slideshow or demonstrative exhibit. Counsel shall also give a courtesy copy to opposing counsel at least 24 hours before the hearing.

***Trial***

- A trial notice will issue approximately two months before the trial-ready date, setting deadlines for submissions and providing further instructions. Note that some deadlines in the trial notice may alter the general deadlines set forth in these Practice Pointers. In such circumstances, the specific trial-notice deadlines apply.

- Parties shall follow Local Rule 39.1(b) with respect to trial-related documents unless otherwise directed by the Court. The Court's trial notice will provide additional specific instructions.

    o Courtesy copies of all trial-related documents shall be provided to the Court in the same manner as described above for expedited motion papers. In addition, electronic copies of proposed *voir dire* questions, jury instructions, and verdict forms shall be provided in Microsoft Word format.

- In civil matters, no party may submit more than ***five*** motions in limine absent extraordinary circumstances and permission from the Court. Each motion in limine shall be limited to ***one*** discrete issue. A brief in support of, or in opposition to, any motion in limine shall not exceed 3,000 words. No reply brief is permitted. Motions in limine shall address evidentiary issues that are likely to arise at trial. Motions in limine shall ***not*** be used to re-argue any motion previously made to the Court, including summary judgment or *Daubert* motions.

- The parties shall meet and confer in advance of trial and jointly submit proposed jury instructions. For jury instructions on which the parties disagree, alternative proposed instructions should be clearly identified. The Court expects the parties to agree on most, if not all, of the proposed jury instructions and provide legal authority to support each proposed instruction.

- Exhibits should be marked before trial and should correspond to the exhibit list. At least seven days before trial, the parties shall deliver to Chambers one set of (1) hard-copy exhibits in binders and tabbed by exhibit number and (2) electronic copies of the exhibits on a standard flash drive in PDF format.

- The Court will conduct most of the *voir dire*, using a combination of standard questions and case-specific questions. The trial notice will provide instructions for the submission of any proposed *voir dire* questions. Following the Court's *voir dire*, counsel usually will be given ten to fifteen minutes to conduct their own.

- Video recordings used at trial shall be pre-edited to the relevant portion. Disputes regarding the use of video recordings should be raised in a motion in limine.

- Counsel must have sufficient witnesses on hand to assure that testimony can be taken every day until the Court adjourns.

### *Settlement Conferences*

- All settlement conferences are referred to the assigned magistrate judge and may be requested by contacting the magistrate judge's chambers. More than one settlement conference is permitted in most cases.