RECEIVED BY MAIL
OCT 14 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

United States District Court
for the
District of Minnesota

Lisa A. Biron,
Plaintiff

v.

Michael Carvajal, Director Federal Bureau of Prisons; FCI Waseca Warden Mistelle Starr; Deanna Hiller, FCI Waseca Unit Manager,
Defendants

Case no. 20-CV-2110-WMW-ECW
First Amended Complaint
Jury Trial Requested

## I. Jurisdiction & Plaintiff

1. This is a civil action to redress the deprivation, under color of federal law, of civil rights secured by the United States Constitution and federal statutes. The action was filed in state court and removed to this Court by the Defendants pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), & 1446. Plaintiff seeks declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201, 2202, 2283, 2284, Fed. R. Civ. P. 65, and 5 U.S.C. §§ 701(a)(2), 706(2)(A), (E) (the Administrative Procedures Act), and damages under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

2. Plaintiff, Lisa A. Biron, is a federal inmate currently confined in the federal Bureau of Prisons ("FBOP"), and presently housed at

SCANNED
OCT 14 2020
U.S. DISTRICT COURT MPLS

Federal Correctional Institution ("FCI") Waseca, Minnesota.

## II. Defendants

3. Defendant Michael Carvajal is the Director of the FBOP. He is legally responsible for protecting the constitutional rights of all of its inmates, and for ensuring the compliance with federal law and regulations.

4. Mistelle Starr is the Warden of FCI Waseca, MN. She is legally responsible for the operations of FCI Waseca, for protecting the constitutional rights of all inmates housed there, and for ensuring compliance with federal law and regulations.

5. Deanna Hiller is the Unit Manager of Plaintiff's unit and is responsible for approving access to the law library, and for complying with federal constitutional, statutory, and regulatory law.

6. Defendants Carvajal and Starr are sued in their official capacity.

7. Defendant Hiller is sued in her individual and official capacities.

## III. Facts

8. Plaintiff is currently serving a federal sentence having been sentenced in the United States District Court for the District of New Hampshire on May 23, 2013.

9. Plaintiff has several active pro se appellate cases concerning her criminal conviction pending at the First Circuit Court of Appeals.

10. Plaintiff has a pro se civil action against various FBOP officials at FMC Carswell, Texas, pending in the Fifth Circuit Court of Appeals.

11. At times relevant to this complaint, Plaintiff had a civil action pending against various FCI Waseca officials, including Defendant Hiller, in this Court (no. 19-cv-2938).

12. Since being incarcerated, Plaintiff has had to defend against family law litigation, and attorney discipline matters in New Hampshire and Massachusetts state courts.

2

13. Since the COVID-19 pandemic, the FBOP and specifically FCI Waseca have imposed severe restrictions on inmate movement and access to a legal library and typewriter.

14. Plaintiff has sought approval for time in the law library and at a typewriter to litigate the several cases in which she is involved. The FBOP's "law library" is contained in an electronic database with the exception of the Institution Supplement and Black's Law Dictionary which are in hardcopy. The database, called the Electronic Law Library or "ELL" is accessible on TRULINCS terminals on which this function is activated. At times relevant to this complaint, the ELL was not activated on any of the TRULINCS terminals that are available in the housing units. Only terminals in the Recreation building allowed ELL access. Likewise, the typewriters are located in the Recreation building.

15. Plaintiff sought permission from Defendant Hiller in May 2020 for time at the law library and with a typewriter to draft an essential filing in case no. 19-cv-2938 (an amended complaint). Defendant Hiller, who is also a defendant in case no 19-cv-2938, denied said access.

16. Because Plaintiff did not have access to the law library or typewriter, she failed to follow local and federal court rules, and because of this her motion for leave to amend her complaint was denied.

17. Defendant Hiller's actions in denying law library access and access to a typewriter severely prejudiced Plaintiff in that civil action.

18. The Defendants in case no. 19-cv-2938 based their objection on the Plaintiff's failure to follow court rules which they prevented her from accessing.

19. When the Plaintiff received the Report and Recommendation, she again requested time at the law library to draft her objections to the thirty-page order.

20. Defendant Hiller, with Defendant Warden Starr's approval denied Plaintiff's request.

3

21. Plaintiff specifically advised that she needed 8-10 hours of research time, 8-10 hours of drafting time (by hand which she could do on her unit), and 2-3 hours at a typewriter to type the final draft — a very conservative and reasonable request.

22. Plaintiff was forced to seek an extension of 30-Days from the District of Minnesota. She was granted a 14-Day extension.

23. In refusing to grant a reasonable amount of time and access to the law library and typewriter, the Defendants told Plaintiff that she had to use her one (1) hour (actually 50 minutes) of recreation/exercise time to do all of her legal work on all of her cases.

24. On 9/3/20, Plaintiff used her 50 minutes to rush to draft her initial Complaint in this present case. She has not had access to a typewriter since, but multiple keyboards were/are available for emailing.

25. On or about 9/14/20, access to the Electronic Law Library ("ELL") database was activated on the housing unit on one of the several existing TRULINCS email/computer terminals. No other legal resources and no typewriter were made available.

26. On or about 9/16/20 Plaintiff advised Defendant Hiller in writing that her deadline in case no. 19-CV-2938 was extended to 9/23/20 and requested "a typewriter or some form of word processing ... for drafting this [Objection]." To which, Defendant Hiller responded, "You may draft your document in pen or pencil."

27. On 9/21/20 and 9/23/20, Plaintiff again requested access to a typewriter (even explaining the exact locations of two available typewriters) via emails to Defendants Starr and Hiller, and verbally to Defendants Starr and Hiller. Plaintiff advised Defendant Starr that she was violating the Code of Federal Regulations.

28. Plaintiff's request was denied and she was forced to draft her 16-page, 3300-word Objection in pen, by hand, which used up hours of time she needed, and did not have, for substantive research and drafting.

29. In its existing form, Defendants' law library (ELL) is inadequate under the Constitution and federal regulations as it fails to provide access to any state law (caselaw or statutory law) which has prejudiced Plaintiff in matters of state family law; state attorney discipline law, and state tort law which informs all claims and statutes of limitations under the Federal Tort Claims Act. In addition, many federal convictions and sentences are based on prior state convictions, and without access to the relevant state's law, post conviction petitions cannot be filed.

30. Defendants' ELL is inadequate under the Constitution and Federal Code of Regulations because legal resources including caselaw and statutory law on the ELL are updated only four (4) times per year prejudicing Plaintiff's ability to litigate her active civil cases and criminal cases. The database is electronic and should be updated at least weekly.

31. As of July 2019, Defendants began refusing to deliver and returning to the post office incoming general correspondence mail without opening the envelope and inspecting its contents if the envelope was not white and if labels such as address labels were on the envelope's exterior. This resulted in important mail from legal associations and others being returned to the senders unopened simply for being in orange-colored legal-size envelopes. Important legal information relevant to Plaintiff's active litigation was not delivered to Plaintiff, returned to the post office, which returned the mail to sender, solely because of a return address label on the envelope's exterior.

32. Upon arrival at FCI Waseca, Plaintiff signed a form consenting to the opening and reading of her incoming general correspondence as a condition to receiving mail. Failure to deliver important state of N.H. legal information prejudiced Plaintiff in her litiga-

tion against FBOB officials at FMC Carswell, Texas.

33. In relevant part, 28 C.F.R. § 543.10 provides, "The Bureau of Prisons affords an inmate reasonable access to legal materials ... and reasonable opportunity to prepare legal documents. The Warden shall establish ... procedures for ... preparation of legal documents.

34. Title 28 C.F.R. § 543.11 provides, "The Warden shall allow an inmate a reasonable amount of time ... to do legal research and to prepare legal documents. Where practical, the Warden shall allow preparation of documents in living quarters...."

35. In relevant part, 28 C.F.R. § 543.11(h) provides, "Unless clearly impractical, the Warden shall allow an inmate preparing legal documents to use a typewriter; or, if the inmate cannot type, to have another inmate type [her] documents. The Warden may allow the inmate to hire a public stenographer to type documents...."

36. Title 28 C.F.R. § 540.12 requires the Warden to establish controls on mail and requires new inmates to consent to the opening and reading of general correspondence if the inmate wants to receive their mail. In the alternative, the inmate may object to the opening and reading of their general correspondence mail, and their mail will be returned to the postal service.

37. In relevant part, 28 C.F.R. § 540.14 states that "Institution staff shall open and inspect all incoming general correspondence."

38. In relevant part, the First Amendment to the U.S. Constitution forbids the Defendants from "abridging ... the right of the [Plaintiff] ... to petition the Government for a redress of grievances." The Fifth Amendment requires due process of law.

### IV. Legal Claims

39. Plaintiff realleges and incorporates by reference paragraphs 1-38.

40. Defendant Hiller's failure to allow Plaintiff meaningful, adequate, or reasonable access to the law library and typewriter interferes with Plaintiff's access to the court and prejudices Plaintiff's litigation in violation of the First Amendment to the U.S. Constitution.

41. Defendant Warden Starr's failure to allow Plaintiff meaningful, adequate, or reasonable access to the law library and typewriter interferes with Plaintiff's access to the court and prejudices Plaintiff's litigation in violation of the First Amendment to the U.S. Constitution.

42. Defendant Carvajal's failure to ensure Plaintiff meaningful, adequate, or reasonable access to a law library and typewriter interferes with Plaintiff's access to the court and prejudices Plaintiff's litigation in violation of the First Amendment to the U.S. Constitution.

43. Defendant Carvajal's and Defendant Warden Starr's failure to timely update the Electronic Law Library interferes with Plaintiff's access to the court and prejudices her litigation in violation of the First Amendment to the U.S. Constitution.

44. Defendant Carvajal's and Defendant Warden Starr's failure to provide state law resources in the law library interferes with Plaintiff's access to the court and prejudices Plaintiff's litigation in violation of the First Amendment to the U.S. Constitution.

45. Defendant Carvajal's and Defendant Warden Starr's failure to deliver Plaintiff's mail to Plaintiff because of the appearance of the exterior of an envelope (which they could open and discard) and which contained legal information, interfered with Plaintiff's access to the court & prejudices her litigation in violation of the First Amendment and due process clause of the U.S. Constitution.

46. The FBOP Central Office's response condoning Defendants' failure to provide reasonable access to an adequate law library and

typewriter constitutes final agency action pursuant to 5 U.S.C. § 704.

47. The FBOP Central Office's response condoning Defendants' failure to open and inspect all general correspondence and condoning the return of unopened mail to the post office because of the exterior appearance of the envelope constitutes final agency action pursuant to 5 U.S.C. § 704.

48. The Defendants' failure to allow reasonable access to an adequate law library violates the FBOP's established regulations.

49. The Defendants' failure to provide access to a typewriter to prepare legal documents violates the FBOP's established regulations.

50. The Defendants' ad hoc policy and practice of returning incoming inmate mail to the post office unopened because of the exterior appearance of the envelope violates the FBOP's established regulations.

## I. Remedies

Wherefore, the Plaintiff requests that this Honorable Court:

51. Grant Plaintiff a declaration that the acts and omissions described herein violate her rights under the U.S. Constitution;

52. Declare that the Defendants have violated 5 U.S.C. § 706(2) in returning unopened incoming inmate mail (addressed to an inmate who is presently housed at the institution) to the post office;

53. Declare that the Defendants have violated 5 U.S.C. § 706(2) in failing to provide reasonable access to an adequate law library and to a typewriter for preparing legal documents;

54. Grant Plaintiff injunctive relief ordering Defendants to provide reasonable and meaningful access to a law library;

55. Grant Plaintiff injunctive relief ordering Defendants provide access to a typewriter or word processing to prepare legal documents;

56. Grant Plaintiff injunctive relief ordering Defendants to update legal resources (especially case law) on a weekly basis; and to provide access to state law resources;

57. Grant Plaintiff injunctive relief ordering Defendants to open and inspect all inmate general correspondence incoming mail and deliver the contents of the envelope to the inmate if the envelope is not white or has labels affixed to the exterior;

58. Award damages for the Constitutional violations against Defendant Hiller in her individual capacity;

59. Grant a jury trial;

60. Grant Plaintiff her costs and fees in this action;

61. Maintain jurisdiction over the APA claims until Defendants have complied with this Court's order; and

62. Grant such other relief as is deemed just and equitable.

Respectfully submitted

10/13/2020
Date

*Lisa Biron*
Lisa A. Biron
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

### Verification

I hereby swear, under penalty of perjury, that the matters and facts alleged herein are true.

10/13/2020
Date

*Lisa Biron*
Lisa A. Biron

9