United States District Court
for the
District of Minnesota

RECEIVED BY MAIL
OCT 19 2020
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
OCT 19 2020
U.S. DISTRICT COURT MPLS

Lisa A. Biron,
  Plaintiff,

v.                                    Case no. 20-CV-2110 (WMW/ECW)

Michael Carvajal, et al.,
  Defendants

### Response to Defendants' Notice of Related Case

On October 13, 2020, Plaintiff received Defendants' Notice of Related Case which identified <u>Biron v. Sawyer</u>, et al., 19-CV-057 (SRN/LIB) and <u>Biron v. Sawyer, et al.</u>, 19-CV-2938 (SRN/LIB) as related cases.

Defendants did not request a non-random re-assignment of this present case to the Judge and Magistrate who presided over the prior cases, and Plaintiff objects to any non-random reassignment of this case because the prior cases are not related.

One district court explained that random assignment of cases is the general rule as this "'ensure[s] greater public confidence in the integrity of the judicial process[,]...guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping.'" <u>Wilderness Soc'y v. Bernhardt</u>, no. 20-1176, 2020 U.S. Dist. LEXIS 96469, at *4 (D.D.C. June 2, 2020) (quoting <u>Tripp v. Exec. Office of President</u>, 196 F.R.D. 201, 202 (D.D.C. 2000)). An exception to this general rule may

1

apply to related civil cases in the interest of judicial economy. Id. In this regard, civil cases "are deemed related when the [earlier cases are] still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction...." Id. at *4-5.

In the present case, neither of the two so-called related cases are pending on the merits. Nor do they relate to common property, involve common issues of fact, or grow out of the same event or transaction as the instant case. The instant case involves the Defendants' interference with Plaintiff's access to the court and with her ability to prepare court documents in violation of the U.S. Constitution and the Administrative Procedures Act. The prior cases involved the interference with Plaintiff's contact with a family member and a challenge to the denial of Plaintiff's access to TRULINCS email.

Wherefore, the Plaintiff Objects to a non-random reassignment of this case.

10/13/2020

Respectfully submitted

*Lisa Biron*
Lisa Biron
FCI Waseca
P.O. Box 1731
Waseca, MN 56093

### Certification

I certify that a handwritten copy of this Response was mailed to AUSA Erin Secord on this date.

*Lisa Biron*
Lisa Biron

2