UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lisa A. Biron,                                    Case No. 20-cv-2110 (WMW/ECW)

                    Plaintiff,

                                                         **ORDER**

        v.

Michael Carvajal et al.,

                    Defendants.

---

This matter is before the Court on the July 20, 2021 Report and Recommendation (R&R) of United States Magistrate Judge Elizabeth Cowan Wright. (Dkt. 76.) The R&R recommends denying Plaintiff Lisa A. Biron's motion for preliminary injunctive relief, granting Defendants' motion to dismiss, and dismissing Biron's amended complaint without prejudice. Biron filed objections to the R&R. For the reasons addressed below, Biron's objections are overruled, the R&R is adopted, Biron's motion for preliminary injunctive relief is denied, and the amended complaint is dismissed without prejudice.

**BACKGROUND[1]**

Biron is an inmate at the Federal Correctional Institution in Waseca, Minnesota (FCI-Waseca). Defendants are three employees of the Federal Bureau of Prisons (BOP). Specifically, Defendant Michael Carvajal is the Director of the BOP, Defendant Mistelle

---

[1]     As the R&R provides a detailed factual and procedural history, the Court only briefly summarizes the background of this litigation and the facts relevant to the pending objections to the R&R.

Starr is the Warden of FCI-Waseca, and Defendant Deanna Hiller is the Unit Manager of Biron's unit at FCI-Waseca.

Before her incarceration, Biron was licensed to practice law in New Hampshire and Massachusetts.  During her incarceration, Biron has litigated numerous cases in this District and in other courts on her own behalf, including challenges to her criminal conviction, civil lawsuits against prison officials, and family law and attorney discipline matters.  In this lawsuit, Biron alleges that Defendants have interfered with her ability to litigate her other lawsuits in several ways.

According to Biron, beginning in July 2019, Defendants have refused to deliver her mail.  Biron alleges that FCI-Waseca's mail-handling procedures have "resulted in important mail from legal associations and others being returned to the senders unopened," and "[i]mportant legal information relevant to [Biron's] active litigation was not delivered to [Biron]."  Defendants' handling of Biron's mail allegedly has prejudiced her ability to litigate her various lawsuits.

Biron also alleges that she has inadequate access to law library resources.  Inmates at FCI-Waseca have access to an electronic database called the Electronic Law Library (ELL).  The computers from which inmates can access the ELL, as well as typewriters for inmate use, are in the recreation building at FCI-Waseca.  According to Biron, the legal resources in the ELL are updated "only four (4) times per year prejudicing [Biron's] ability to litigate her active civil cases and criminal cases."  Although the ELL includes

legal resources pertaining to federal law, the ELL does not include state-law materials. Biron alleges that the ELL's lack of state-law resources also has prejudiced her.

After the COVID-19 pandemic began in early 2020, FCI-Waseca began imposing restrictions on inmate movement, including inmate access to the ELL computers and typewriters. According to Biron, Defendants denied or limited Biron's requested access to the ELL and typewriter on several occasions between May 2020 and September 2020. Biron alleges that these restrictions hindered her ability to draft documents for use in her other lawsuits and prevented her from effectively litigating those lawsuits.

Biron commenced this action against Defendants in September 2020, and Defendants removed the case to this Court on October 5, 2020. Biron filed an amended complaint on October 14, 2020. In the amended complaint, Biron alleges that Defendants (1) denied Biron meaningful access to the prison law library and its resources, (2) failed to provide adequate legal resources in the prison law library, and (3) failed to deliver Biron's mail containing legal information. According to Biron, these actions interfered with Biron's access to the courts, in violation of her rights protected by the First Amendment and the Fourteenth Amendment of the United States Constitution. Biron also alleges that Defendants' actions contravene the BOP's "established regulations," in violation of the Administrative Procedure Act (APA).

On November 16, 2020, Biron moved for preliminary injunctive relief. On February 8, 2021, Defendants moved to dismiss Biron's amended complaint or, in the alternative, for summary judgment. In a July 20, 2021 R&R, the magistrate judge

recommends dismissing Biron's access-to-courts and APA claims for failure to state a claim on which relief can be granted.[2]   *See* Fed. R. Civ. P. 12(b)(6).   The magistrate judge also recommends denying Biron's motion for preliminary injunctive relief.   Biron filed objections to the R&R, which are limited to challenging the R&R's recommendation to dismiss her claims.

## ANALYSIS

A district court reviews *de novo* those portions of the R&R to which specific objections are made.   28 U.S.C. § 636(b)(1)(C).   In doing so, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Biron objects to the R&R's recommendation to dismiss her access-to-courts and APA claims.   If a complaint fails to state a claim on which relief can be granted, dismissal is warranted.   *See* Fed. R. Civ. P. 12(b)(6).   When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).   Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).   Legal conclusions couched as factual allegations may be disregarded.   *See*

---

[2]      In the alternative, the magistrate judge recommends granting summary judgment to Defendants.   For the reasons addressed below, the Court need not reach this alternative analysis.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although a *pro se* plaintiff's complaint must be construed liberally, the complaint must allege sufficient facts to support the plaintiff's claims.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  On a motion to dismiss, a district court may consider the complaint, exhibits attached to the complaint, documents that are necessarily embraced by the complaint, and relevant public records without converting the motion into one for summary judgment.  *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).  The Court addresses each of Biron's claims in turn.

## I.    Biron's Access-to-Courts Claim

Biron first objects to the R&R's recommendation to dismiss her access-to-courts claim.  The R&R recommends dismissing this claim because Biron has not plausibly alleged that Defendants' conduct caused an actual injury to her.

An inmate's constitutional right of access to the courts includes access to "adequate law libraries or adequate assistance from persons trained in the law."  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, this is not "an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  *Lewis v. Casey*, 518 U.S. 343, 351 (1996).  Prison authorities are not obligated to provide inmates with every possible means of legal assistance for every conceivable civil claim an inmate seeks to advance.  *Kelsey v. Minnesota*, 622 F.2d 956, 958 & n.2 (8th Cir. 1980).

When alleging that her meaningful access to the courts has been denied, an inmate must allege that prison officials caused an "actual injury," namely, that a "nonfrivolous and arguably meritorious underlying legal claim" was frustrated or impeded. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). Alleging a theoretical inadequacy is not sufficient. *Lewis*, 518 U.S. at 351. Rather, an inmate must show a causal connection between a library inadequacy and an actual injury. *See Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007). Absent an explanation demonstrating how the alleged library inadequacy either prevented the inmate from filing an arguably meritorious legal claim or caused an arguably meritorious claim to be dismissed as deficient, the inmate's "alleged injuries are merely speculative." *Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008).

Biron alleges that Defendants impeded her ability to access the courts in three ways: (1) failing to deliver Biron's legal mail, (2) providing inadequate and incomplete law library resources, and (3) restricting Biron's access to the ELL and typewriter during the COVID-19 pandemic. Notably, although Biron has been involved in numerous lawsuits during her incarceration, including family law and attorney discipline matters, her right of access to the courts does *not* apply to lawsuits unrelated to her conviction, sentence, or conditions of confinement:

> The tools [the constitution] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and

perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  Accordingly, to state an access-to-courts claim, Biron must plausibly allege that Defendants' conduct actually impeded her ability to assert a "nonfrivolous and arguably meritorious underlying legal claim" challenging her criminal conviction, sentence, or conditions of confinement.  *White*, 494 F.3d at 680.

The only such allegations in Biron's amended complaint pertain to Case No. 19-cv-2938, in which United States District Judge Susan Richard Nelson dismissed Biron's claim that three BOP officials had violated Biron's constitutional rights.  *See Biron v. Carvajal* (*Biron I*), No. 19-cv-2938-SRN-LIB, 2020 WL 5812970 (D. Minn. Sept. 30, 2020).[3]  In the instant case, Biron does not allege any facts suggesting that Defendants' mail-delivery procedures impacted her ability to litigate *Biron I* in any way.[4] Nor does Biron allege any specific facts suggesting that the lack of state-law resources in FCI-Waseca's law library affected her ability to litigate *Biron I*, which involved a federal-law claim.[5]  Instead, the only alleged nexus between Defendants' conduct and

---

[3]    In her objections to the R&R, Biron improperly attempts to supplement the allegations in her amended complaint with additional factual details about other lawsuits. But the Court limits its motion-to-dismiss analysis to the allegations in the amended complaint and public records necessarily embraced by the amended complaint.

[4]    Indeed, the amended complaint does not allege any details about the legal mail that Defendants failed to deliver, let alone what lawsuit these undelivered mailings pertained to or what injury Biron suffered as a result of any undelivered mail.

[5]    The amended complaint alleges that "many federal convictions and sentences are based on prior state convictions, and without access to the relevant state's law, postconviction petitions cannot be filed."  An access-to-courts claim must be based on an

Biron's ability to litigate *Biron I* pertains to whether Defendants' restrictions on Biron's access to the ELL and typewriter actually impeded Biron's ability to assert meritorious legal claims in *Biron I*.  In this regard, the amended complaint specifically alleges that, because Biron "did not have access to the law library or typewriter, she failed to follow local and federal court rules, and because of this her motion for leave to amend her complaint [in *Biron I*] was denied."

As the R&R correctly observes, the public records in *Biron I* belie Biron's allegation that Defendants' restrictions on her access to the FCI-Waseca law library and typewriter caused the denial of her motion to amend her complaint in *Biron I*.  In *Biron I*, the district court denied Biron's motion to amend her complaint because she failed to comply with multiple procedural rules.[6]  2020 WL 5812970, at \*4–5.  But even assuming that FCI-Waseca's law library did not include access to those procedural rules, the relevant rules were provided to Biron by the defendants in *Biron I* when they opposed her motion to amend the complaint, quoted the rules, and described the procedural defects in Biron's motion.   In her pending objections to the R&R, Biron concedes that "the defendants [in *Biron I*] informed her of those [rules] in their Opposition to her Motion for

---

actual injury, not general speculation that the prison's resources will be "subpar in some theoretical sense."  *Lewis*, 518 U.S. at 351.  Biron's vague allegations about state-law research she wanted to pursue are insufficient to establish an access-to-courts claim.

[6]      Notably, the fact that Biron's filings in *Biron I* were handwritten rather than typed was not a basis for denying her motion to amend the complaint.  As such, any limitations on Biron's access to a typewriter at FCI-Waseca did not impede Biron's ability to either correct the procedural defects in her motion to amend the complaint or otherwise litigate an arguably meritorious legal claim in *Biron I*.

Leave to Amend." Despite this knowledge, Biron did not attempt to correct the procedural defects in her motion until three months later, nor did she seek an extension of time to do so. As the district court in *Biron I* observed:

> Her handwritten filings are very legible, well-organized, and cite appropriate legal authority. Had she sought additional time or a stay of proceedings due to limited access to the law library and typewriters, she was certainly able to seek such relief.

*Id.* at \*4. Biron neither sought an extension of time to correct the procedural defects in her motion to amend her complaint, nor sought reconsideration of the district court's subsequent denial of her motion. As such, the Court agrees with the R&R's conclusion that Biron's litigation strategy, not the limitations on her access to the prison law library and typewriter, resulted in the denial of her motion to amend her complaint in *Biron I*.

In her objections to the R&R, Biron argues that she "needed more than access to just the court rules to properly prepare the proposed amended complaint" in *Biron I*. Biron contends that she "wanted to research the law concerning the new claims she was contemplating." This argument is unavailing for at least four reasons. First, the amended complaint in this case does not allege that Defendants impeded Biron's ability to research substantive legal claims in *Biron I*. Instead, the amended complaint alleges only that Defendants caused Biron to "fail[ ] to follow local and federal court rules." Second, Biron has neither identified what "new claims she was contemplating" asserting in *Biron I* nor established that those claims would be nonfrivolous and arguably meritorious. *See Lewis*, 518 U.S. at 351 (recognizing that an access-to-courts claim cannot be based on a

general speculative assertion that the prison's legal resources are "subpar in some theoretical sense"). Third, even if Biron had additional meritorious claims to assert in *Biron I*, it is undisputed that Biron never sought an extension of time to amend her complaint in that case. Fourth, because the district court dismissed *Biron I* without prejudice, Biron retains the ability to advance arguably meritorious legal claims in the future.

For these reasons, Biron has not stated an access-to-courts claim because she has not plausibly alleged that Defendants' conduct caused an "actual injury" by frustrating or impeding her ability to advance a "nonfrivolous and arguably meritorious underlying legal claim." *White*, 494 F.3d at 680. Accordingly, Biron's objections to this aspect of the R&R are overruled.

## II.     Biron's Administrative Procedure Act (APA) Claim

Biron also objects to the R&R's recommendation to dismiss her APA claim, in which Biron alleges that Defendants' actions violate the BOP's "established regulations." Although the amended complaint does not clearly identify the legal basis for Biron's APA claim, Biron has asserted in subsequent filings that she is advancing an "*Accardi* claim." The R&R construes Biron's amended complaint liberally as asserting a claim under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). The R&R recommends dismissing this claim because Biron has not plausibly alleged that Defendants violated BOP regulations or that Biron sustained an injury as a result.

"Regulations with the force and effect of law supplement the bare bones" of federal statutes, and federal agencies must follow their own "existing valid regulations." *Accardi*, 347 U.S. at 265, 268; *accord Damus v. Nielsen*, 313 F. Supp. 3d 317, 335–36 (D.D.C. 2018). The "*Accardi* doctrine bars administrative agencies from taking action inconsistent with their internal regulations when it would affect individual rights." *United States v. Lee*, 274 F.3d 485, 492 (8th Cir. 2001).

In the amended complaint, Biron alleges that Defendants have violated the BOP's "established regulations," and she quotes several BOP regulations. But the amended complaint does not clearly identify *which* regulations Defendants have violated. The regulations Biron cites involve the BOP's discretionary responsibilities to, among other things, "afford[ ] an inmate reasonable access to legal materials" and a "reasonable opportunity to prepare legal documents" and to "allow preparation of documents in living quarters" when doing so is "practical." None of the BOP regulations quoted in the amended complaint guarantees inmates a particular manner or length of access to legal resources, typewriters, or other tools. As such, the amended complaint does not plausibly allege that Defendants' actions violated any particular BOP regulation in any particular manner.[7]

Moreover, even if the amended complaint plausibly alleged that Defendants violated a particular BOP regulation, Biron also must allege that the violation affected

---

[7] In her objections to the R&R, Biron improperly attempts to supplement the allegations in her amended complaint with additional factual details. The Court must disregard facts that have not been alleged in the operative pleading.

Biron's individual rights.  *Lee*, 274 F.3d at 492.  Significantly, "there is no federal constitutional liberty interest in having . . . prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *accord Bonner v. Fed. Bureau of Prisons*, 196 F. App'x 447, 448 (8th Cir. 2006) (observing that "a violation of prison regulations in itself does not give rise to a constitutional violation").  Although Biron has a right of access to the courts, Biron has not plausibly alleged a violation of that right, for the reasons addressed in Part I of this Order.

Accordingly, Biron's objections to this aspect of the R&R are overruled.

### III.    Clear-Error Review

Because no party specifically objects to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam); *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Having carefully performed this review, the Court finds no clear error.  For this reason, the Court adopts the R&R in full.

### ORDER

Based on the R&R, foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.    Plaintiff Lisa A. Biron's objections to the July 20, 2021 R&R, (Dkt. 79), are **OVERRULED**;

2.      The July 20, 2021 R&R, (Dkt. 76), is **ADOPTED**;

3.      Plaintiff Lisa A. Biron's motion for preliminary injunctive relief, (Dkt. 22), is **DENIED**;

4.      Defendants' motion to dismiss, (Dkt. 52), is **GRANTED**; and

5.      The amended complaint, (Dkt. 5), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  September 16, 2021                               s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge