UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa A. Biron, | Case No. 20-cv-2110 (WMW/ECW) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Michael Carvajal, FCI Waseca Warden Mistelle Starr, and Deanna Hiller, | |
| Defendants. | |

Before the Court is Plaintiff Lisa A. Biron's application to proceed *in forma pauperis* on appeal (IFP application). (Dkt. 89.) Although the Court believes that its September 16, 2021 Order was correct, Biron's current appeal is not "frivolous." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (stating that an appeal "is frivolous where it lacks an arguable basis either in law or in fact"). And neither a statute nor other circumstance prevents Biron from continuing to proceed IFP. Therefore, the Court grants Biron's IFP application, subject to Biron's payment of an initial partial filing fee of $221.68 for the reasons addressed below.

Because Biron is a prisoner, her IFP application must comply with the requirements of the Prison Litigation Reform Act (PLRA), which provides, in relevant part:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C. § 1915(b).

Under this statute, a prisoner who is granted IFP status on appeal is *not* excused from paying the appellate filing fee altogether. Instead, a prisoner who is granted IFP status may pay the appellate filing fee in installments rather than paying the entire amount in advance. *See Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997); *cf. Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial

filing fee at the outset of the appeal, and Section 1915(b)(2) requires payment of the balance in installments through regular deductions from the prisoner's trust account.

The "Certificate" section of Biron's IFP application provides information derived from her inmate trust account, as required by Section 1915(a)(2). The amount of Biron's average monthly deposits during the preceding six-month period was $714.95, while her average monthly balance during the same period was $1,108.42. Because the average monthly balance amount exceeds the average monthly deposit amount, Biron's initial partial filing fee for her appeal is 20 percent of the average monthly deposit amount, or $221.68. *See* 28 U.S.C. § 1915(b)(1). This initial partial filing fee is due immediately. If Biron elects to pursue her appeal, the balance of the $505 appellate filing fee must be paid in installments, and prison officials will be authorized to deduct funds from Biron's trust account. *See* 28 U.S.C. § 1915(b)(2).

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Lisa A. Biron's application to proceed *in forma pauperis* on appeal, (Dkt. 89), is **GRANTED**, subject to the requirements of 28 U.S.C. § 1915(b).

2. The initial partial filing fee of $221.68 for the appeal in this matter is due immediately.

3. Plaintiff Lisa A. Biron must pay $283.32, the unpaid balance of the statutory filing fee for this action, in the manner prescribed by 28 U.S.C. § 1915(b)(2).

4. The Clerk of Court shall provide notice of the above requirement to the authorities at the institution where Plaintiff Lisa A. Biron is confined.

Dated: December 21, 2021                     s/Wilhelmina M. Wright
                                             Wilhelmina M. Wright
                                             United States District Judge